Ajtondebl,
dissenting: I desire to state briefly the basis of my dissent from the majority opinion. Section 230, Revenue Act of 1918, imposes a tax “ upon the net income of every corporation ” and the company whose income is in question here is the Kraker Pen Company. Under section 240 of the same act the W. A. Sheafier Pen Company and the Kraker Pen Company were affiliated and were thus required to file a consolidated return, which they did. A corporation does not cease to be a taxpayer, however, by reason of affiliation. Woolford Realty Co. v. Rose, 286 U. S. 319. The provision in section 240 which permits corporations joining in a consolidated return to agree upon an apportionment of the tax among themselves is purely administrative and is for the convenience of the corporations. Thus, when the Government was advised, pursuant to the statutory provisions, that the Sheafier Company would pay the Kraker Company’s tax, it had a right to look to the Sheafier Company as the Kraker Company’s agent in this matter, as it indeed became. Several years elapsed after the filing of the consolidated return, during which period the tax liability of the Kraker Company was under examination by the Commissioner of Internal Revenue, as a result of which inquiry a deficiency was determined against it. During this period of investigation the Sheafier Company on several occasions gave the waivers which have been set forth in the majority report. The right of the Sheafier Company to waive the statutory period of limitations for its principal, the Kraker Company, seems beyond question, and the Government had a perfect right to rely upon those waivers, and in fact did so. Certainly in this proceeding which is directed against the Sheafier Company as a transferee of *1062 the assets of the Kraker Company, it should not be heard to say that it had no authority to waive the statute in behalf of the Kraker Company. Cf. Lucas v. Hunt, 45 Fed. (2d) 781; Warner Collieries Co. v. United States, 63 Fed. (2d) 34. While thus an agent of the Kraker Company in its income tax matters, the Sheaffer Company took over the assets of the Kraker Company and became a transferee thereof and under the law may be proceeded against as such transferee. The statute allows an extra year within which to proceed against a transferee beyond the period in which assessment may be made against the original taxpayer, and the facts here show that well within that time the present proceedings were initiated.
Smith and McMahon agree with the above dissent.